See 291. Constitutional Law. Sylvania Busses, Inc. v. Toledo, OS. 6 Abs. 126.

794. **MOTION PICTURES.**

State ex Film Exch. v. Clifton, OS. 6 Abs. 122.

801. **MUNICIPAL LAW.**

See 233. Civil Service. Hile v. Cleveland, OS. 6 Abs. 126.

829. **NEGLIGENCE.**

Zimanski v. Curro & Whittaker Co., OA. 6 Abs. 117.

829—**NEGLIGENCE.**

See 991. Railroads. Penna. Rd. Co. v. Stegaman, US. 6 Abs. 123.

865. **OFFICE AND OFFICERS.**

See 794. Motion Pictures. State ex Film Exch. v. Clifton, OS. 6 Abs. 122.

865. **OFFICE AND OFFICERS.**

See 233. Civil Service. Hile v. Cleveland, OS. 6 Abs. 126.

(Continued on Page 127)

# Ohio Supreme Court

## COPELAND v. STATE

Ohio Supreme Court

No. 20829. Decided January 25, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial staff.

295. **CONTINUANCES—1273. Witnesses.**
Circumstances of this case held to warrant Court in not granting postponement of trial to procure attendance of witnesses.

Error to Montgomery Appeals.

Petition dismissed.

H. E. Kreitzer, Dayton, for Copeland.

Ralph E. Hoshat, Pros. Atty., Dayton, and Chas. V. Brennan, for State.

FULL TEXT.

BY THE COURT:

Copeland was tried upon an indictment charging him with the crime of rape, and was found guilty. The judgment of conviction was affirmed by the Court of Appeals, that court finding "that .the trial of the case was free from prejudicial error, and that the verdict is fully sustained by the evidence."

A petition in error was filed in this court upon the claim that plaintiff in error was deprived of constitutional rights in that he was not permitted "to meet the witness face to face and to have compulsory process to procure the attendance of witnesses in his behalf."

It developed on the trial of the case that on December 22nd, the day the trial began, a precipe was filed by counsel for the defendant for a subpoena to issue for "Miss Green, Juvenile Court," and that the return of the deputy sheriff showed service by leaving at the place of residence, but it appeared that by a previous arrangement made with that witness, subpoenas for her were left on her desk in the Juvenile Court building, which adjoins the sheriff's office, and that the subpoena in question was on said day left upon her desk under that arrangement.

Mrs. Julia B. Green is an investigator connected with the juvenile court of that county and the subpoena was intended for her. It further appears that the subpoena was not actually received by her or brought to her attention, and that she went to Chicago on that day for a holiday visit. The end of the case was reached on the afternoon of December 24th. The record discloses the following:

"The Court: Any other witness? Anything else?

"Mr. Kreitzer; I am not going to rest without Mrs. Green.

"The Court; I telephoned her and she said she would not testify what you say she said.

"Mr. Kreitzer: I object to that remark.

"The Court: That is made in view of your statement 'you won't go ahead without Mrs. Green' and I am telling you what she said, she would not testify to what you say she will."

The record then discloses a further statement made by the court in a conversation with counsel, not in the presence of the jury, in which the trial judge stated that he had reached Mrs. Green by telephone, who after stating that the subpoena had not come to her attention, and then being informed as to what it had been stated she would testify were she present, replied that she could not have testified as to the general reputation of the prosecuting witness for truth and veracity. The court stated that in view of previous continuances of the trial upon request of the defendant, he would not further postpone the hearing. The record then discloses that, "Thereupon the defendant rested his case."

A hearing upon the motion for a new trial, which is part of the record, shows that the court was warranted in not granting a postponement of the trial to procure the attendance of the witness, Green. The court particularly instructed the jury with reference to the matter in question, and directed that they must determine the guilt or innocence of the defendant from the evidence placed before them and that only the testimony before them could be considered.

The record presents no debatable constitutional question. The motion to dismiss is therefore sustained.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)